## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                      BANKRUPTCY PROCEEDING

**ERNIE LEE JACOBSEN AND**
**DONNA JEAN JACOBSEN**                                     CASE NO. 09-15667-DWH

**and**

**JA-CO FOODS, INC.**                                       CASE NO. 09-16017-DWH

     Debtors.                      CHAPTER 11

---

## OBJECTION TO MOTION FOR AN ORDER PURSUANT TO
## §363 TO SELL CERTAIN PROPERTY OF DEBTORS,
## OUTSIDE THE ORDINARY COURSE OF BUSINESS
## FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS WITH
## LIENS, CLAIMS AND INTERESTS
## ATTACHING TO SALE PROCEEDS AND FOR OTHER RELIEF
## (VERNON, RIPLEY, BELMONT & RUSSELLVILLE PROPERTIES)

---

COMES NOW GE Capital Franchise Finance Corporation ("GECFFC"), a secured creditor and party in interest, by and through its undersigned counsel, and files this Objection to the Debtors' Motion for an Order Pursuant to 11 U.S.C. §363 to Sell Certain Property of Debtors, Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests with Liens, Claims and Interests Attaching to Sale Proceeds and for Other Relief (Vernon, Ripley, Belmont & Russellville Properties) (Dkt. No. 73 in case no. 09-15667; Dkt. No. 39 in case no. 09-16017) (the "Motion to Sell"). In support thereof, GECFFC shows the following to the Court:

1.  Debtors Ernie Lee and Donna Jean Jacobsen filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 29, 2009 (the "Petition Date"). Debtor Ja-Co Foods, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 16,

2009.

2.    By virtue of first-priority Deeds of Trust, Assignments of Rents and Leases, Security Agreements and Fixture Filings, and other loan and security documents, GECFFC is a secured creditor and holder of a secured claim in the approximate amount of $3.8 million.

3.    The secured claims of GECFFC do not include post-petition interest, late fees, costs and expenses of collection, attorneys' fees and other costs or expenses permitted by 11 U.S.C. §506(b).

4.    GECFFC's claim is secured by a first-priority lien on certain real and personal property of Debtors, located at:

a)    1197 S. Gloster St.
Tupelo, MS
("Tupelo Property – Gloster")

b)    356 Highway 45 S
West Point, MS
("West Point Property")

c)    415 Highway 45 N
Aberdeen, MS
("Aberdeen Property")

d)    44237 Highway 17 S
Vernon, AL
("Vernon Property")

e)    2608 W. Main St.
Tupelo, MS
(Tupelo Property – Main")

f)    1614 S. Adams St.
Fulton, MS
("Fulton Property")

g)    291 Second Street
Belmont, MS
("Belmont Property")

h)      15376 Highway 43
        Russellville, AL
        ("Russellville Property")

(hereinafter, collectively referred to as the "Collateral").  For purposes of the Motion to Sell, and

as it pertains to GECFFC, Debtors are seeking to sell the Vernon, Belmont and Russellville

Properties.

5.      Debtors identify the value and first-priority liens of GECFFC on the Collateral

subject to the Motion to Sell, in their Schedules as follows:

| Property | Value (Schd. A) | Claim Listed in Schd. D |
|---|---|---|
| Vernon Property | $750,000.00 | $473,621.09 |
| Belmont Property | $800,000.00 | $553,151.74 |
| Russellville Property | $300,000.00 | $593,804.97 |
| **TOTAL** | **$1,850,000.00** | **$1,620,577.80** |

6.      In addition, Debtors have scheduled a junior secured claim of TMI Construction

(Terri Matthews, Inc.) for approximately $1,000,000.00 against the Belmont Property and other

real property not subject to the Motion to Sell.

7.      All of GECFFC's liens on the Collateral are cross-collateralized with a total

outstanding balance of approximately $3.8 million.  Including TMI Construction's junior lien,

the Debtors' Schedules reflect liens on the Collateral, which is the subject of the Motion to Sell,

in an aggregate amount of approximately $4.8 million.

8.      The Motion to Sell seeks authority from the Court to "liquidate some of

[Debtors'] assets in an effort to generate cash to pay for the indebtedness of certain … secured

creditors…." (¶6).

9.      The Motion to Sell does not demonstrate any facts supporting that it is a

commercially reasonable option or that the proposed sale is a commercially reasonable price, especially in light of the values listed in the Debtors' Schedules for, and the aggregate lien amounts identified on, the Collateral identified in the Motion to Sell.

10. The Motion to Sell fails to demonstrate that the proposed sale would adequately protect GECFFC's interests in the Collateral or in the proceeds of the sale.

11. The Motion to Sell fails to describe how the sale proceeds could be apportioned legally and equitably among the secured creditors. GECFFC cannot reasonably consent to a sale of the Collateral without first knowing the terms on which the sale proceeds are to be apportioned among the secured creditors. For these reasons and others, GECFFC does not consent to the proposed sale under 11 U.S.C. §363(f)(2).

12. Although Debtors estimated the aggregate value of the Collateral identified in the Motion to Sell to be $1.85 million in their Schedules, they now assert that a sale of this portion of the Collateral for $450,000.00 is "reasonable under the circumstances." (¶13). It should also be noted that, while the closing expenses, taxes, fees and other charges and "surcharges" are unclear and not specified in the Debtors' Motion, it is clear that the Debtors intend the net proceeds of the sale to be reduced by these charges, and thus, intend to sale the Collateral identified in the Motion to Sell for substantially less than $450,000.00.

13. The Motion to Sell does not identify the referenced "circumstances" presumably supporting the Motion to Sell. (¶11). Debtors then assert that the proposed sale will enable them to "maximize value for the Properties." (¶27). However, by way of example, it is difficult to see how the Vernon Property, which the Debtors value at $750,000.00, would be maximized upon a proposed sale for $150,000.00. GECFFC objects to the Motion to Sell on the basis that it does not maximize the value of the Collateral and that the proposed sale price is not reasonable.

14.    Furthermore, GECFFC objects to the Motion to Sell because the Collateral sales price does not exceed the aggregate value of all liens on the Collateral as required by 11 U.S.C. §363(f)(3).  In fact, the proposed price at which the Collateral would be sold does not exceed even GECFFC's liens on the Collateral, exclusive of TMI Construction's junior lien or other potential junior lienholders.  In that regard, Debtors should not be permitted to sell any of the Collateral unless the sale is for more than the total indebtedness owed to GECFFC and subject to any liens held by GECFFC.

15.    With any sale of the Collateral, GECFFC should be authorized to (a) approve the sale if the proceeds to be paid to GECFFC are less than the amount of GECFFC's lien and (b) credit bid on the Collateral and/or the various separate properties.

16.    While GECFFC does not necessarily object to customary closing expenses, it objects to the extent the Motion to Sell seeks open-ended authorization from the Court for the payment of commissions, closing attorneys' fees, taxes at the time of the closing sale, and debtors' attorneys' fees, as requested in paragraphs 10, 11, 36 and 37 of the Motion to Sell. Debtors' Motion to Sell fails to quantify, identify and/or stratify in any way the fees and expenses sought.  Even if the amount of the proposed sale exceeded the amount of the outstanding liens, GECFFC could not consent to the fees and expenses as requested due to the overly broad and unspecified nature of the request.

17.    For the same reasons and others, GECFFC also objects to the proposed break-up fee requested by Debtors in favor of its "stalking horse" bidder.  Alternatively, GECFFC objects to the amount of the break-up fee payable to the stalking horse bidder if it is not the successful bidder without, at least, additional supporting information.

18.    Further, GECFFC objects to the Motion to Sell as impermissibly dictating the

potential reorganization plan terms.

19.    Finally, GECFFC objects to the Motion to Sell on the grounds that it fails to satisfy any of the requirements of §363(f).  Specifically, Debtors have failed to satisfy any of the following:

a.  Identify any applicable nonbankruptcy law permitting sale of the Collateral free and clear of GECFFC's, or other's, liens and interests;

b.  Obtain the consent of GECFFC;

c.  Establish that the proposed sale price of the subject Collateral is greater than the aggregate value of all liens on the property;

d.  Establish that any of the liens or interests asserted by GECFFC are the subject of a bona fide dispute; or

e.  That GECFFC could be compelled to accept a money satisfaction of its interest.

20.    GECFFC may offer other reasons for objecting to the Motion to Sell at a hearing on this matter and specifically reserves all rights in connection thereto.

FOR THESE REASONS, GECFFC respectfully requests that this Court deny Debtors' Motion to Sell and to grant GECFFC any such additional relief deemed appropriate by this Court.

DATED this the 16th day of February, 2010.

Respectfully submitted,

ADAMS AND REESE LLP


BY:  _/s/ James J. McNamara IV_____
       *One of Its Attorneys*

OF COUNSEL:

Alfrado D. Donelson (MSB No. 99567)
James J. McNamara IV (MSB No. 100690)
M. Scott Jones (MSB No. 102239)
**ADAMS AND REESE LLP**
111 East Capitol Street, Suite 350
(Zip:  39201)
Post Office Box 24297
Jackson, MS 39225-4297
Telephone:      601.353.3234
Facsimile:       601.355.9708
E-mail: alfrado.donelson@arlaw.com
        jim.mcnamara@arlaw.com
        scott.jones@arlaw.com


## CERTIFICATE OF SERVICE

I certify that on this date I caused to be served *via* electronic filing transmission, facsimile and/or U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

Craig M. Geno
Melanie T. Vardaman
Harris Jernigan & Geno, PLLC
P. O. Box 3380
Ridgeland, MS  39158-3380
(601) 427-0048
cmgeno@harrisgeno.com
mvardaman@harrisgeno.com
***Attorney for Debtor***

U. S. Trustee
100 West Capitol Street, Suite 706
Jackson, MS  39269
(601) 965-5241
USTPRegion05.AB.ECF@usdoj.gov
***U.S. Trustee***

SO CERTIFIED this the 16th day of February, 2010.

          /s/ James J. McNamara IV
         James J. McNamara IV