IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: | ) |
| | ) |
| ERNIE LEE JACOBSEN and DONNA JEAN JACOBSEN, | ) Case No.  09-15667-DWH ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

# AMENDED OBJECTION TO MOTION FOR AUTHORITY TO ASSUME UNEXPIRED LEASES

RLM Sonic Properties, LLC ("RLM") objects to the Motion for Authority to Assume Unexpired Leases [Dkt. No. 225] (the "Motion to Assume") filed by Debtors Ernie Lee Jacobsen and Donna Jean Jacobsen (collectively "Debtors") because the Motion fails to sufficiently identify the leases that Debtors seek to assume, and Debtors' proposed cure of amounts due and owing under the leases is insufficient under 11 U.S.C. §365(b)(1). In support, RLM states as follows:

## STATEMENT OF FACTS

1. RLM and Debtors each own 50% of certain real property located at 302 Highway 12, Starkville, Mississippi (the "Starkville Property") as tenants by the entireties with right of survivorship.

2. In addition, RLM and Debtors each own 50% of certain real property located in Columbus, Mississippi (the "Columbus Property") as tenants by the entireties with right of survivorship.

3. On September 20, 2000, RLM and Debtors, as lessor and Ja-Co Foods, Inc., as lessee, entered into Lease Agreement for the lease of the Columbus Property (the "Columbus

Lease Agreement"). A true and correct copy of the Columbus Lease Agreement is attached as Exhibit 2.

4. The Columbus Lease Agreement has an effective date of October 1, 2000 and a termination date of September 30, 2010 with two five (5)-year options to extend.

5. On March 1, 2008, RLM and Debtors (collectively the "Lessor") and Debtor Ernie Jacobsen on behalf of Sonic Drive-In, Starkville, Mississippi (the "Lessee") entered into a Lease Agreement (the "Starkville Lease Agreement") for the lease of the Starkville Property. A true and correct copy of the Starkville Lease Agreement is attached as Exhibit 1.

6. Ja-Co Foods, Inc., the lessee under the Columbus Lease Agreement, is a debtor in a related chapter 11 proceeding, Case No. 09-16017. Ja-Co filed a similar Motion to Assume Leases of Non-Residential Real Property on June 14, 2010 [Dkt. No. 140] requesting authority to assume the lease on the Starkville Property--which is the subject of a Lease Agreement between Debtor Ernie Jacobsen and RLM. For purposes of this Objection, RLM assumes that Debtors Ernie Jacobsen and Donna Jacobsen intend to assume only the Starkville Lease Agreement. To the extent Debtors seek authority to assume the Columbus Lease Agreement, RLM objects where the lessee under that agreement is Ja-Co Foods, Inc.

7. The Starkville Lease Agreement is effective as of March 1, 2008 and has an initial termination date of February 28, 2013, with two five (5)-year options to extend.

8. Lessee defaulted under the Starkville Lease Agreement in October, 2009 and is indebted to RLM for pre-petition rent in the amount of $3,000 and post-petition rent in the amount of $6,000.00.

9. In addition, under the Starkville Lease Agreement,

> Lessee agrees to pay and discharge prior to delinquency, in addition to the rentals above specified, all ad valorem taxes and

        special assessments levied on the Leased Premises by the State, City, School District, County, or Federal government for the benefit of Lessor and said amount shall be in addition to the rent as above set out. <u>Exhibit 1</u> at Art. VIII.

10.     Lessee has failed to pay taxes as provided in the Starkville Lease Agreement in the following amounts:

      a.     2008 ad valorem taxes in the amount of $8,264.67 as of February 28, 2010;

      b.     2009 ad valorem taxes in the amount of $7,467.18 as of February 28, 2010.

11.     On October 29, 2009, Debtors filed their petition for relief under chapter 11 of the Bankruptcy Code.

12.     On February 10, 2010, Debtors filed their Motion to Extend Time to Assume or Reject Leases of Non-Residential Real Property Leases (the "Motion to Extend") requesting an additional ninety (90) days to assume or reject certain non-residential property leases and sign leases.

13.     On February 22, 2010, the Court granted the Motion to Extend setting the deadline for Debtors to assume the real property and sign leases on March 29, 2010, pending a final hearing on the Motion to Extend.

14.     On March 29, 2010, the Court entered its Order granting the Motion to Extend and setting the deadline for assumption or rejection of the leases on June 1, 2010.

15.     On June 1, 2010, Debtors filed their Motion to Assume.

16.     The Motion to Assume do not identify or attach copies of the lease agreements that Debtors propose to assume.

17.     According to the Motion to Assume, "The Debtors have made the decision to assume the unexpired leases of non-residential real property involving Sonic stores in Columbus,

Mississippi and Starkville, Mississippi, and to assume the 'sign leases' to the extent that the sign leases involved unexpired leases of non-residential real property." Motion to Assume at ¶5.

18. As shown, it is impossible for RLM, the Lessor, to determine which, if any, of its lease agreements with Debtors are the subject of the current Motion to Assume.

19. In addition, the Motion to Assume does not set forth the proposed "cure" of Debtors' pre-petition defaults under the leases.

20. Moreover, Debtors propose to cure their pre-petition defaults under the lease agreements "by adding the defaulted monthly lease payments to the end of the existing lease obligations." Motion to Assume at ¶6.

21. The existing lease obligation under the Starkville Lease Agreement terminates February 18, 2013, in two (2) and a half years.

22. Accordingly, Debtors' proposed cure falls well outside the reasonable cure period established under §365(b)(1).

23. In addition, Debtors have not identified any adequate assurance to be provided to RLM in connection with their proposed assumption and cure of the Starkville Lease Agreement other than vague promises to provide such assurance "as required by the lessors or as directed by the Court." Motion to Assume at ¶11.

24. Therefore, RLM objects to Debtors Motion to Assume and requests entry of an order denying such motion.

### BRIEF IN SUPPORT

Section 365(b)(1) provides,

> 1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

4

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

"Section 365(b)(1) essentially allows a debtor to continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract." *Lifemark Hosp., Inc. v. Liljeberg Enterprises, Inc.* (*In re Liljeberg Enterprises, Inc.*), 304 F.3d 410, 438 (5th Cir. 2002)(internal quotations omitted)(citations omitted). The Bankruptcy Code does not define "prompt" as used in §365(b). "What constitutes a 'prompt' cure as required by §365(b)1)(A) depends upon the facts and circumstances of each case." *In re PRK Enter., Inc.*, 235 B.R. 597, 601 (Bankr. E.D. Tex. 1999)(citing *In re Embers 86th Street, Inc.*, 184 B.R. 892, 900 (Bankr. S.D. N.Y. 1995)). Where a cure proposal contemplates payment on the lease termination date, it is doubtful that a court would, in any circumstance, find such a cure satisfies §365(b)(1)(A). *See In re Berkshire Chemical Haulers, Inc.*, 20 B.R. 454, 458 (Bankr. D. Mass. 1982); *see also*, *In re Coors of North Mississippi, Inc.*, 27 B.R. 918, 922

(Bankr. N.D. Miss. 1983)[1](relying on *In re Berkshire Chemical Haulers, Inc.* as persuasive authority); *see also In re R/P Int'l Technologies,* 57 B.R. 869, 873 (Bankr. D. Mass 1982)(finding that a proposed cure payment that is "virtually coextensive" with the lease termination does not satisfy §365(b)(1), and proposed monthly interest payments do not constitute adequate assurance); *see also In re Gold Standard at Penn, Inc.*, 75 B.R. 669, 673 (Bankr. E.D. Pa. 1987)(denying assumption based on five-year cure period on a six-year lease).

Section 365(b)(1)(A) also provides for adequate assurance of a prompt cure. "Adequate assurance of a prompt cure requires that there be a firm commitment to make all payments and at least a reasonably demonstrable capability to do so." *In re PRK Enter., Inc.*, 235 B.R. at 602 (citing *In re Embers 86th Street, Inc.*, 184 B.R. at 900-901)(additional citations omitted).

Here, the proposed terms for assuming the Starkville Lease Agreement do not meet the requirements of §365(b)(1). Debtors propose to cure the default under the Starkville Lease Agreement by adding such cure amounts to the end of the existing lease obligations--which terminate in February 2013. The proposed cure is nowhere near "prompt," and may even extend past the termination of the lease. Moreover, Debtors have proposed no reasonable adequate assurance payments or other means of assuring RLM that it will ultimately be cured for Lessee's default under the Starkville Lease Agreement. Accordingly, RLM objects to the Motion to Assume and requests entry of an order denying such Motion.

---

[1] *In re Coors of North Mississippi, Inc.* is distinguishable from the facts of this case because in the *Coors* case, the debtor had shown a "reputation of outstanding financial strength and integrity" and "reasonable prospects that the distributorship rights [under the assumed contracts]…may well result in a long range business enterprise mutually profitable." 27 B.R. at 922.

6

WHEREFORE, for the reasons stated, RLM Sonic Properties, LLC requests entry of an order denying Debtors' Motion to Assume Leases of Non-Residential Real Property and granting all other such relief this court deems necessary and just.

Respectfully submitted,

D. Andrew Phillips, MSB # 8509
MITCHELL, MCNUTT & SAMS, P.A.
Attorneys at Law
P.O. Box 947
Oxford, MS  38655
(662) 234-4845
(662) 234-9071 (Facsimile)

-And-

Roger A. Stong, OBA # 11710
Regan S. Beatty, OBA # 20349
-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)

ATTORNEYS FOR RLM SONIC
PROPERTIES, LLC

CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2010, I electronically filed the foregoing OBJECTION BY RLM SONIC PROPERTIES, LLC TO MOTION FOR AUTHORITY TO ASSUME UNEXPIRED LEASES with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Craig M. Geno, Esquire**
**Melanie Vardaman, Esquire**
**Harris Jernigan & Geno, PLLC**
P.O. Box 3380
Ridgeland, MS 39158-3380
cmgeno@harrisgeno.com
mvardaman@harrisgeno.com

**Paul A. Matthews, Esquire**
Bourland Heflin Alvarez Minor & Matthews, PLC
5400 Poplar Ave., Suite 100
Memphis, TN 38119
paulmatthews@bhammlaw.com

**Sammye S. Tharp, Esquire**
**Office of the U.S. Trustee**
100 West Capitol Street
Suite 706
Jackson, MS 39269
Sammye.S.Tharp@usdoj.gov

**Les Alvis, Esquire**
Riley, Caldwell Cork & Alvis, P.A.
P.O. Box 1836
Tupelo, Mississippi 38802-1836
lalvis@tsixroads.com

**c/o Harris Barnes Barnes, McGee & Associates, P.A.**
5 River Bend Place, Suite A
Flowood, MS 39232

**Cherokee County Tax Commissioner**
2780 Marietta Hwy.
Canton, GA 30114

**Bill Cunningham**
c/o Larry G. Ball, Esquire
Hall, Estill
100 North Broadway, Suite 2900
Oklahoma City, OK 73102

**Doss Electric**
P.O. Box 652
Maben, MS 39750

**c/o Van Eberhard**
Hardmark Land Co., Inc.
P.O. Box 70
Oakland, MS 38948

**IRS**
Attn: Special Procedures Staff
100 W. Capitol St., Room 504
Jackson, MS 39269


This, the 9th day of July, 2010.


            /s/ D. Andrew Phillips
            D. Andrew Phillips