UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In re:

ERNIE LEE JACOBSEN and  
DONNA JEAN JACOBSEN,

Case No. 09-15667-DWH  
Chapter 11

Debtors.

_____

### SONIC INDUSTRIES LLC'S OBJECTION TO DEBTORS' SECOND MOTION TO EXTEND PERIOD OF EXCLUSIVITY FOR FILING OF DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION
_____

Sonic Industries LLC ("Sonic"), a creditor herein, objects to the Motion to Extend Period of Exclusivity for Filing of Disclosure Statement and Plan of Reorganization ("Second Motion to Extend Exclusivity Period," Dkt. Entry No. 259) filed by the debtors, Ernie Lee Jacobsen and Donna Jean Jacobsen ("Debtors"), on July 21, 2010. Sonic further states as follows:

1. Under 11 U.S.C. § 1121(d), the Bankruptcy Court, after notice and a hearing, and for cause, may extend the 120-day and the 180-day periods set forth in 11 U.S.C. § 1121(c). The debtor bears the burden of demonstrating that cause exists to extend exclusivity. (*See, e.g., In re: Washington-St. Tammany Electrical Co-op, Inc.*, 97 B.R. 852, 854 (Bankr. E.D. La. 1989) (no cause to extend.)

2. In the case at bar, Debtors have not alleged, and cannot demonstrate, cause for a further extension of the exclusivity period. The grounds for extension alleged in the Second Motion to Extend Exclusivity Period are the fact that the Motions to Assume Unexpired Leases in this case and in the JA-CO Foods, Inc. case (Case No. 09-16017-DWH) for the Starkville and Columbus locations have not been heard and the fact that Debtors have not yet assumed or rejected their Sonic License Agreements and Sonic Sign Leases with respect to Debtors' Sonic drive-in restaurants. Such grounds are completely within the control of Debtors and do not constitute cause. Debtors'

1

Motion for Authority to Assume Unexpired Leases (Dkt. Entry No. 225) in this case was filed on June 1, 2010, has been continued several times, and is now set for hearing on September 29, 2010 (Dkt. Entry No. 272). A similar motion was filed in the JA-CO Foods, Inc. case on June 14, 2010 (JA-CO Dkt. Entry No. 140), and is also set for September 29, 2010 (JA-CO Dkt. Entry No. 166). With respect to the Sonic License Agreements and the Sonic Sign Leases, on December 10, 2009, Sonic filed a Motion (Dkt. Entry No. 38) requesting various forms of relief, including the setting of a prompt deadline of assumption for rejection of said License Agreements and said Sign Leases. By Order entered on February 18, 2010 (Dkt. Entry No. 138), the Court set the period between April 15 and May 10, 2010, as the time for a hearing on the assumption or rejection of said license agreements and said sign leases, and yet to date Debtors have not filed any motion to assume or reject the Sonic License Agreements or the Sonic Sign Leases, nor have they had any substantive discussions with Sonic concerning the assumption or the rejection of such contracts.

   3. On February 25, 2010, Debtors filed their Motion to Extend Period of Exclusivity for Filing of Disclosure Statement and Plan of Reorganization ("First Motion to Extend Exclusivity Period," Dkt. Entry No. 155). Although said Motion was unopposed, the Order (Dkt. Entry No. 195) granting said Motion was not entered until April 21, 2010. A minute entry on the electronic docket on that date reflects that the plan of reorganization and the disclosure statement were due by July 21, 2010. It was on that date that Debtors filed their Second Motion to Extend Exclusivity Period.

   4. Debtors' Second Motion to Extend Exclusivity Period appears to be a further attempt to delay this case.

   5. Among the factors that courts consider in determining whether or not cause exists to extend the exclusivity period are the size and complexity of the case,[1] whether the debtor has shown

---

[1] *See, e.g., In Re: Texaco, Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987) (complexity may be grounds for a limited number of short extensions but does not constitute grounds for allowing a debtor to delay indefinitely the filing of a plan while holding other potential proponents at bay).

substantial progress toward a confirmable plan,[2] delay tactics by the debtor,[3] and whether the debtor is paying operating expenses as they become due and has adequate cash and credit to pay future administrative claims.[4] Based on these factors, Debtors have not shown cause for the Court to further extend the exclusivity period.

6. In addition, the Court should deny Debtors' Second Motion to Extend Exclusivity Period because the exclusivity period has never been extended and thus has expired in the companion case of JA-CO Foods, Inc. It is difficult to see how a confirmable plan of reorganization could be proposed in one of these cases without a complementary plan being proposed in the other.

7. Sonic reserves other grounds for objection to be assigned at a hearing on this matter.

WHEREFORE, ABOVE PREMISES CONSIDERED, Sonic respectfully submits that Debtors' Second Motion to Extend Exclusivity Period should be denied and that Sonic should be granted other general and specific relief to which it may be entitled.

Respectfully submitted,

/s/ Paul A. Matthews
PAUL A. MATTHEWS (TBPR No. 5591)
ROBERT K. ALVAREZ (MS Bar No. 1547)
Attorneys for Sonic Industries LLC
BOURLAND HEFLIN ALVAREZ MINOR & MATTHEWS, PLC
5400 Poplar Avenue, Suite 100
Memphis, TN 38119-3660
Telephone:    901-683-3526
Facsimile:     901-763-1037
E-Mail:         pmatthews@bhammlaw.com

---

[2] *See e.g., In re: Time Run Trust, Inc.*, 67 B.R. 432 (Bankr. E.D. Pa. 1986); *In Re: Perkins*, 71 B.R. 294, 300 (W.D. Tenn. 1987).

[3] *See e.g.,* Matter of *Texas Extrusion Corp.,* 844 F.2d 1142 (5th Cir. 1988) (delay tactics by a debtor are grounds for reduction of exclusivity); *In Re: Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363 (5th Cir. 1987), *judgment aff'd*, 484 U.S. 365 ("Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors").

[4] *See e.g.*, *In re: Henry Mayo Newhall Memorial Hospital,* 282 B.R. 444 (B.A.P. 9th Cir. 2002); *In re: Hoffinger Industries, Inc.*, 292 B.R. 639 (B.A.P. 8th Cir. 2003).

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 18th day of August 2010, a copy of the foregoing was served via ECF upon the parties requesting notice and via ECF and U.S. Mail, postage prepaid, upon the following:

| | |
|---|---|
| Craig M. Geno, Esq. | U. S. Trustee |
| Attorney for Debtors | Office of the U.S. Trustee |
| Harris Jernigan & Geno, PLLC | 100 West Capitol Street, Suite 706 |
| P.O. Box 3380 | Jackson, MS  39269 |
| Ridgeland, MS  39158-3380 | |

                                                              /s/ Paul A. Matthews
                                                              _____

H:\PAM\Clients\Sonic - Jacobsen B-R 2K9501\Pleadings - non pdf\Objection 08-17-10.doc